UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEBORAH JOST, et al., )
)
      Plaintiffs, )
)
      vs. )      Case No. 4:08CV734 CDP
)
COMMONWEALTH LAND TITLE )
INSURANCE COMPANY, )
)
      Defendant. )

## MEMORANDUM AND ORDER

Deborah Jost is a former employee of Commonwealth Land Title Insurance Company. Jost, and three other former Commonwealth employees who have joined this action, conducted real estate closings in Commonwealth's Missouri offices. They allege that Commonwealth, through directives and behavior, violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., by failing to pay federally mandated overtime compensation. Plaintiffs now move for conditional certification as a collective action under the FLSA so that they may notify other past and present Commonwealth employees of this action and provide them the opportunity to "opt in" as plaintiffs to this litigation. Commonwealth opposes conditional certification on the ground that plaintiffs have not provided evidence of a common policy or plan affecting the class of plaintiffs they seek to represent.

Plaintiffs allege that Commonwealth required escrow officers to work overtime without compensation, and encouraged them to under-report their hours. Commonwealth is a title insurance company wholly owned by LandAmerica Financial Group. The company has 163 offices in 49 states. Plaintiffs were residential escrow officers (also known as closing agents, loan paperwork processors, or commercial officers), and their job was to conduct closings on home sales or loans requiring title insurance. Plaintiffs worked in five different Commonwealth offices, all in the St. Louis area.

Plaintiffs have provided affidavits showing that the managers of the St. Louis offices actively encouraged unpaid, unreported overtime. They also provide evidence to show that managers with responsibility outside of Missouri actively participated in the same practice. They ask me to certify a class encompassing all escrow officers (and persons with similar job duties) who worked in Commonwealth offices nationwide at any time between May 21, 2005 and the present. Based on everything presented to me, I conclude that plaintiffs have provided enough evidence to show that the case should be certified as a collective action, but not enough evidence to support certification of a nationwide class. I will grant plaintiffs' motion, but limit the class to Commonwealth (or

LandAmerica) employees in Missouri, Michigan, Kansas, Wisconsin, and Nebraska. Plaintiffs have provided sufficient evidence to show, at this stage of the case, that managers in those states knew about and facilitated the overtime practices.

### Discussion

Section 7 of the Fair Labor Standards Act mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for her overtime with additional pay of at least one and one half times her regular hourly wage. 29 U.S.C. § 207. The Act also provides that any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

An action to recover overtime and liquidated damages may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). A collective action under §216(b) differs from class actions brought under Rule 23 of the Federal Rules of Civil Procedure. *Davis v. Novastar Mortgage, Inc*., 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005). A primary distinction is that under FLSA a similarly

situated employee must "opt-in" to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must "opt-out" to avoid being bound by the judgment. *Id*. *See also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards).

The Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b). District courts in this circuit have often used a two-step procedure, where plaintiffs first seek early conditional certification, and then later the court considers the merits, including whether plaintiffs have shown that the class comprises similarly situated employees. *See e.g.*, *Schleipfer v. Mitek Corp.*, No. 1:06CV109 CDP, 2007 WL 2485007 (E.D. Mo. Aug. 29, 2007); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159 (D. Minn. 2007); *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005); *Dietrich v. Liberty Square L.L.C.*, 230 F.R.D. 574 (N.D. Iowa 2005); *McQuay v. Am. Int'l Group, Inc.*, No. 4:01CV00661 WRW, 2002 WL 31475212 (E.D. Ark. Oct. 25, 2002).

Plaintiffs' burden at the conditional certification stage is not onerous. *See Smith v. Heartland Auto. Servs., Inc.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005)

(burden at first stage is "not rigorous").  Conditional certification at the notice

stage generally requires "nothing more than substantial allegations that the

putative class members were together the victims of a single decision, policy or

plan." *Davis*, 408 F. Supp. 2d at 815 (quoting *Sperling v. Hoffman-La Rouche,*

*Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)) .

At this first stage, plaintiffs must establish a colorable basis for their claim

that the class members were the victims of a single decision, policy, or plan.

*Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)

(Severtson I).  This means that plaintiff must provide "more than the mere

averments in its complaint." *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276,

278-79 (D. Minn. 1992) (Severtson II).  Although credibility determinations and

findings of fact are not required at this stage, "some identifiable facts or legal

nexus must bind the claims so that hearing the cases together promotes judicial

efficiency." *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D.

Ala. 2003).  While the burden on the plaintiff is relatively low at this initial stage,

it is not invisible*. Parker,* 492 F. Supp. 2d at 1164 (citing *Brooks v. A. Rainaldi*

*Plumbing, Inc*., No. 6:06-CV-631, 2006 WL 3544737, at *2  (M.D. Fla., Dec. 8,

2006)).  The burden may be met by "detailed allegations supported by affidavits."

*Grayson*, 79 F.3d at 1097. "Unsupported assertions that FLSA violations were widespread and that additional plaintiffs" exist do not meet this burden. *Haynes v. Singer, Co.*, 696 F.2d 884, 887 (11th Cir. 1983).

Affidavits and other testimony must be based on admissible evidence. *See Shaver v. Indep. Stave Co.*, 350 F.3d 716, 723 (8th Cir. 2003)(inadmissible evidence obtained during discovery cannot be used to defeat a motion for summary judgment); *see also Sjoblom v. Charter Comm., LLC,* No. 3:07-cv-0451-bbc, 2007 WL 4560541, at *10 (W.D. Wis. Dec. 19, 2007)(affidavits submitted in support of conditional certification are subject to similar evidentiary standards as those submitted for summary judgment). Commonwealth has asked me to strike from the record certain portions of plaintiffs' evidence as hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Admissions by party-opponents are not hearsay. Fed. R. Evid. 801(d)(2). A statement is a party-opponent admission if it is "offered against a party" and is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D).

Plaintiffs have testified that four agents of Commonwealth made statements

during the course of their employment: Scott Veit (senior vice president of the

Midwest region, encompassing Michigan, Missouri, Kansas, Wisconsin, and

Nebraska), Debbie Anderson (vice president or manager in Michigan), Lori Bahr

(profit center manager over St. Louis), and Doris Osborne (manager in St. Louis).[1]

Under Commonwealth's management structure, escrow officers, like plaintiffs,

would report their area manager, Osborne.  Osborne would then report to Bahr, the

profit center manager over St. Louis.  Bahr would then report to a senior executive

(a senior vice president, group senior vice president, or executive channel

president) like Veit, who then reports to the CEO.  There are only eight vice

president positions in the company.  The statements made by these

Commonwealth agents, representing all levels of management, concerned the

overtime policies affecting their employees, a matter well within the scope of their

employment.  These statements are not hearsay, and I will consider them and any

---

[1]Bahr's affidavit alleges that Veit was responsible for the five states listed, but in his own affidavit, Veit testifies that he currently oversees Missouri and Kansas.  Veit says that his "overall geographic responsibilities changed over time," but he does not refute Bahr's statement. Because Bahr, in her position as area manager, would likely know what areas Veit supervised, I will take as true the claim that Veit was the vice president over these five states.  The parties also dispute whether Anderson was a vice president, or whether she was an area manager, like Osborne.  Regardless, she was a supervisor of escrow officers in Michigan.

reasonable inferences that may be drawn from them. Plaintiffs also allege that other Commonwealth employees told them that they were working overtime without pay. I will not consider these statements for the purposes of this motion, as the individuals cannot be readily identified and the statements are not necessarily party admissions. I will also strike from the record the summary of Jost's deposition testimony, but I will consider the deposition itself.

To support their allegations that escrow officers nationwide are similarly situated to them, plaintiffs provide their own affidavits, an affidavit from Bahr, and Jost's extensive deposition testimony.[2] Commonwealth, in reply, provides an affidavit from Veit and LandAmerica's overtime policy. The evidence reveals that Osborne, Bahr, Veit and Anderson either instructed escrow officers (and employees with other job titles but similar duties) to work off the clock and not to record all hours actually worked, or knew that this was occurring. There is, however, no evidence that Commonwealth had a nationwide company policy condoning these actions.

Plaintiffs have provided sufficient evidence to show that escrow officers in

---

[2]Plaintiffs also submitted an affidavit from Gene Droege. I will not consider this affidavit because it was submitted late, without a motion to supplement the record. Even if I did consider Droege's statement, however, my ruling on this motion would be the same.

Missouri are similarly situated. Three of the named plaintiffs, Jegel, Karpel-Morris, and Dahl, have provided affidavits. These affidavits support a conclusion that escrow officers perform similar duties, and that Veit and Osborne actively encouraged escrow officers in the St. Louis offices to work, but not report, overtime as part of a plan to reduce costs while maintaining the number of closings. Bahr's affidavit alleges that she was aware of this practice while she was a supervisor in Missouri. Her affidavit also sufficiently establishes Veit's knowledge. Further, Jost's deposition supports allegations that Osborne told her not to report actual overtime worked. It is reasonable to infer, from these party admissions, that Veit and Osborne treated all escrow officers under their supervision the same way with regard to overtime policies. This sufficiently establishes that escrow officers in Missouri were similarly situated.

Plaintiffs have also provided evidence sufficient at this stage of the proceedings for me to conditionally certify a class of all escrow officers working under all the areas controlled by Veit and Anderson. Bahr's affidavit establishes that Veit oversees an area greater than Missouri; Veit was vice president over Michigan, Missouri, Kansas, Wisconsin and Nebraska. It is reasonable to infer that he established similar practices in those areas. In her deposition, Jost testified that

Anderson, a Michigan manager, directed Jost to finish a project after 5:00, and then told Jost that employees everywhere in the company were working overtime and not being paid for it. This is sufficient to establish that escrow officers under Anderson's supervision were subject to similar conditions as Jost and the other plaintiffs.

Plaintiffs have not, however, provided sufficient evidence for me to certify a nationwide class, even conditionally. Commonwealth has a written policy requiring employees to accurately report all hours worked and barring management from requiring any employee from working off the clock. While there is evidence to show that Bahr, Osborne, Veit, and Anderson required the escrow officers under their supervision to work overtime without compensation, there is no evidence that supervisors nationwide similarly disregarded the written overtime policy. Where, as here, the "inappropriate behavior rested on the interpretation and implementation" of regional managers, nationwide certification is inappropriate. *Garner v. Regis Corp.*, No. 03-5037-CV-SW-SWH, 2004 WL 5455905, at *2 (W.D. Mo. Aug. 5, 2004). Even if I considered Jost's testimony that she spoke with individuals outside of these areas, and was told by them that they were subject to a similar policy, there is no evidence that their supervisors

participated or even knew of such practices.  Commonwealth's written overtime

policy expressly states that overtime will be paid, and provides employees with an

avenue to contest any improper paychecks.  Where there is no evidence that

managers, nationwide, failed to follow these policies, a nationwide class is

inappropriate.  *Id*.

The conditional class will include those areas in which there is some

evidence, even if contested, that management either directed or approved the

alleged overtime practices.  Veit, Bahr, Osborne, and Anderson have been

implicated by plaintiffs' evidence.  Based on this evidence, I will conditionally

certify a class of all residential escrow officers (or those whose job, regardless of

title, was primarily to close residential loans or prepare loan paperwork for

residential closings) who worked in Commonwealth (or LandAmerica) offices in

Missouri, Michigan, Kansas, Wisconsin, and Nebraska, from May 21, 2005 to the

present.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for conditional

certification of a collective action and authorization to send notice of suit to

potential opt-in plaintiffs [#14] is granted in part.  The opt-in class will consist of

all current or former employees of Commonwealth engaged in residential escrow closings from May 21, 2005 to the present who worked in Missouri, Michigan, Kansas, Wisconsin, and Nebraska.

**IT IS FURTHER ORDERED** that plaintiffs must, within ten days of this order, provide to the court a proposed notice that conforms with this order. Defendant will then have ten days to respond to the proposed notice.

**IT IS FURTHER ORDERED** that defendant's motion to strike [#21] is granted in part, as set out above.

 

 

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2009.