IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH JOST, RENEE KARPEL-MORRIS, JONI JEGEL AND GENEVIEVE DAHL, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>v.<br><br>LANDAMERICA FINANCIAL GROUP, INC.<br>D/B/A LANDAMERICA COMMONWEALTH TITLE,<br><br>  Defendant. | Case No. 08-734-CDP |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR PROTECTIVE ORDER**

**I. INTRODUCTION**

In this representative action, Defendant has sent notices of deposition for each and every opt-in Plaintiff. Each Plaintiff's deposition has been scheduled for an entire day regardless of whether they opted into the case or are representative plaintiffs.[1] Defendant's notice of deposition would require each Plaintiff to travel to St. Louis for their deposition, regardless of their place of residence. Plaintiffs' counsel offered to coordinate video conferencing for opt-in plaintiffs from the Kansas City area so that Defendant could see and hear plaintiffs who live

---

[1] Plaintiff requested that depositions be scheduled two per day, but the offer was refused. Plaintiff has not raised that issue in a protective order in the hopes that depositions will be as long as is necessary, but not unduly extended to harass plaintiffs. If the problem arises, it will be addressed.

1

hundreds of miles from St. Louis without requiring them to travel to St. Louis.  This offer was made to avoid requiring individual plaintiffs to miss more work than is necessary, potentially risk their employment in a difficult market, and incur travel costs.  Defendant refused the arrangement, stating it wanted to depose plaintiffs in person.[2]

Plaintiffs move this Court to enter an order requiring Defendant to either travel to Kansas City, should it wish to talk with plaintiffs in person, or to avail itself of the offer to use video conferencing technology to produce the same "in person" experience without unduly burdening opt-in plaintiffs.

**II. DISCUSSION**

Federal courts have authority to issue protective orders pertaining to discovery to prevent undue burden. Fed. R. Civ. Pro. 26(c).   This court has great discretion in establishing the time and place of a deposition." *Terry v. Modern Woodmen of America,* 57 F.R.D. 141 (W.D. Mo. 1972).  Further, although the examining party generally designates the location for the deposition of another party under Federal Rule of Civil Procedure rule 30(b), a court may grant a protective order to appoint a different place under rule 26(c)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 26(c). When making the determination of whether a protective order is proper, "the trial court has great discretion in establishing the time and place of a deposition." In re Standard Metals Corp., 817 F.2d 625, 628 (10th Cir.1987).   Generally, because a plaintiff has greater influence over the choice of forum, "courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of

---

[2] See Plaintiff's motion for specific information regarding the timing of this conference and specific quotes.

plaintiffs." Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2112 (1994).  As explained in *General Leasing Co. v. Lawrence PhotoGraphic Supply, Inc.,* "in the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *General Leasing Co. v. Lawrence PhotoGraphic Supply, Inc*., 84 F.R.D. 130, 131 (W.D.Mo.1979).

In the final analysis, a court's selection of the forum for a plaintiff's deposition "should not be rigidly formulaic for, in the interests of justice, [the court has] great discretion in designating the location of taking a deposition .... and that discretion must be directed toward considering each case on its own facts and the equities of the particular situation. *Spencer-Flournoy v. Clark,* WL 1473951 (Mo. App. W.D.2009); quoting *Archer Daniels Midland Co. v. AON Risk Services, Inc. of Minnesota*, 187 F.R.D. 578 (D. Minn. 1999).

In this case, opt-in plaintiffs deserve the same consideration and protection from harassment and undue burden as any other witness who did not select the forum.  They are not "plaintiffs" in the traditional sense.  They did not select this forum.   They chose only to exercise their legal rights in a collective action designed to lower the significant legal and financial burden individual cases would put on them.[3]  As discussed below, another court, faced with a similar situation, entered a protective order to preserve the integrity of collection actions.

---

[3] Despite the goal of collective actions to reduce expense for all parties, opt-in plaintiffs have been sent full sets of discovery and noticed-up for full day depositions.  In many ways, their burden has been raised to a level that mimics the burden that would exist if each plaintiff filed their own case.  These discovery practices push the boundaries of acceptable discovery in a collective action; however, refusal to allow opt-in plaintiffs to participate in depositions by video, so that they can avoid additional cost and time expense, is unnecessary and unjustified.

In an FLSA case filed in Memphis, Tennessee, employers allegedly failed to pay employees overtime compensation for work performed in excess of 40 hours per week. *Brasfield v. Source Broadband Services, LLC*, 255 F.R.D. 447, 448 (W.D. Tenn. 2008). Here there were 23 named plaintiffs, 7 of which joined as "opt-in" plaintiffs and these 7 plaintiffs resided in various places such as Ohio, Texas, and Knoxville, Tennessee. *Id.* Although the non-local plaintiffs requested that Defendant take the depositions by phone or video, Defendant refused and sought to make them travel to Memphis. *Id.* Defendant argued that this request was not unreasonable or an undue burden because it was the plaintiffs who chose the Western District of Tennessee as their forum. *Id*. at 449. The plaintiffs filed for a protective order. *Id*. It was granted. *Id*.

In granting the protective order, the court noted that one of the important benefits of the FLSA is to allow employees to file actions as a group that might not be pursued otherwise. *Id*. at 450. By filing the action as a group, plaintiffs are capable of pooling together common resources, thus reducing the cost to the individual plaintiff. *Id.* This efficient resolution of claims is an important policy consideration behind the FLSA and a great benefit to the judicial system as a whole. *Id.* The court noted that since these plaintiffs had opted-in to the suit, they did not choose the forum; the forum was chosen for them. *Id.* Thus, in considering that a major policies behind the FLSA collective action is to allow plaintiffs to pool their resources, the court concluded that requiring the out-of-area opt-in plaintiffs to travel to Memphis for a deposition would place a burden on them that would cancel much of the benefit gained by joining in the collective action. *Id.*

Consistent with this reasoning, the court held that

> [A]ny plaintiff who has opted-into this lawsuit and lives more than one hundred miles from Memphis, Tennessee, shall not be required to travel to Memphis for an oral deposition. If the Defendants wish to take an in-person oral deposition of such a plaintiff, they may travel to that plaintiff's city of residence. The defendants may also use alternative means such as a telephone or video conferencing.

The reasoning in the Memphis case is sound and should be applied in this matter. St. Louis and Kansas City are separated by approximately 240 miles.[4] This is notably further than the traditional 100 mile rule for determining the unavailability of witnesses. See Federal Rule of Civil Procedure 32(a)(4); *see also Hook v. Kiberly-Clark Corp.*, 613 F.Supp. 923, 931 (W.D. Mo. 1985). It is, at a minimum, an 8 hour round trip. It requires expenditure of fuel, time and money. Both deponents from Kansas City are currently employed. Missing a day of work can be trying, but missing additional work for travel can be risky. It is risky because the greater the amount of "off" time that is required, the more likely it is that the employee's participation in a lawsuit will be viewed negatively by their current employer.

Opt-in plaintiffs, even if they can take vacation time and their jobs are secure, would face unnecessary expense if required to travel to St. Louis. They cannot realistically drive to St. Louis the morning of their deposition, so they must travel the day before. This makes a St. Louis deposition, at a minimum, a two day ordeal. If the deposition runs late, this could stretch into a third day. These costs are avoidable and unnecessary, and justify the entry of a minimal protective order to prevent undue burden and harassment to opt-in plaintiffs.

---

[4] Knoxville and Memphis are about 220 miles apart.

### III. CONCLUSION

For these reasons, Plaintiffs ask that this Court exercise its discretion and power to require that Defendant, at its option, to either travel to Kansas City to take depositions of the two opt-in plaintiffs who reside there, or to avail itself of readily available technology and engage in video conferencing depositions. In either case, Plaintiffs ask that this Court order that opt-in plaintiffs living more than 100 miles from St. Louis need not travel to St. Louis for depositions.

DATED: August 12, 2009              Respectfully submitted,

                                                 **THE SIMON LAW FIRM, P.C.**

                                                 By:   /s/ John E. Campbell
                                                     John E. Campbell #59318
                                                     Erich V. Vieth #29850
                                                     701 Market Street, Suite 1450
                                                     St. Louis, Missouri 63101
                                                     (314) 241.2929
                                                     (314) 241.2029 / facsimile
                                                     evieth@simonlawpc.com
                                                     jcampbell@simonlawpc.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed on August 12, 2009 with the Clerk of the Court using the CM/ECF system which will send notification to all attorneys of record.

/s/     John E. Campbell         ___